# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MOREEN, | CASE NO. 1:10-cv-01829 LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| THELMA YOUNG, D.D.S., | (ECF No. 1) |
| Defendant. | |

### Screening Order

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Substance Abuse Treatment Facility at Corcoran (SATF), brings this lawsuit against Defendant Dr. Thelma Young, D.D.S., an employee of the CDCR at SATF.

Plaintiff's claims relate to his treatment for a cracked tooth. On July 29, 2009, Plaintiff was seen by Defendant "about his tooth being cracked down to the gum line." Defendant prescribed an antibiotic. Plaintiff subsequently submitted requests to have his tooth extracted. On October 26, 2009, Plaintiff filed an inmate grievance, seeking to have his tooth extracted. In his grievance, Plaintiff indicated that "he has a tooth that is cracked from the crown to the gum line and the nerve was exposed. This caused unbearable pain in his mouth and the left side of his face."

Plaintiff alleges that he "was once again seen by defendant Young three additional times, placed on a high priority waiting list, until finally on December 10, 2009, the painful tooth was extracted by defendant Young, at which time Plaintiff was given amoxicillin trihydrate 500 mg."

### A.     Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds Plaintiff's allegations fail to state a claim for relief.  Plaintiff alleges, at most, a delay in his treatment.  Plaintiff had a cracked tooth, which was eventually extracted by Defendant.  Plaintiff does not allege any facts indicating that Defendant knew of and disregarded a serious risk to Plaintiff's health.  Plaintiff has not alleged any facts suggesting that the delay caused any further injury to Plaintiff.

Although Plaintiff does allege that the condition was painful, he does not allege any facts suggesting that Dr. Young knew that Plaintiff was in serious pain and failed to treat him for pain. "A public official's deliberate indifference to a prisoner's serious illness or injury violates the Eighth Amendment. Clement v. Gomez, 298 F.3d 898, 904-905 (9th Cir. 2002). "'Deliberate indifference' is evidenced only when the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

1  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
2  <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
3  [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v.
4  Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

5       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
6  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567
7  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
8  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
9  complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing
10 to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at
11 1474.

12      Accordingly, based on the foregoing, it is HEREBY ORDERED that:
13     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
14     2.    The Clerk's Office shall send to Plaintiff a complaint form;
15     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
16         amended complaint;
17     4.    Plaintiff may not add any new, unrelated claims to this action via his amended
18         complaint and any attempt to do so will result in an order striking the amended
19         complaint; and
20     5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this
21         action be dismissed, with prejudice, for failure to state a claim.

24 IT IS SO ORDERED.
25 Dated:   **September 6, 2012**           /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE